(R.D. 11295)

Takara Co., New York, Inc., et al. v. United States

Entry No. 6469, etc.

(Decided April 26, 1967)

*Norman J. Bergman* for the plaintiffs.

*Barefoot Sanders*, Assistant Attorney General, for the defendant.

Ford, Judge: The proper value for dutiable purposes of certain barber chairs covered by these appeals for a reappraisement is before the court for determination.

The parties hereto have entered into a stipulation of facts wherein it has been agreed as follows:

It is hereby stipulated and agreed, by and between the parties hereto, subject to the approval of the court, as follows:

1. That this stipulation is limited to the merchandise described on the invoices as barber chairs and mechanical hair dressing beauty chairs.

2. That the merchandise covered hereby was entered for consumption after February 27, 1958, the effective date of Section 2 of the Customs Simplification Act of 1956 (Public Law 927, 84th Congress, T.D. 54165); that none of the merchandise is identified on the Final List published by the Secretary of the Treasury pursuant to the Customs Simplification Act (T.D. 54521); that appraisement was accordingly made under section 402, Tariff Act of 1930, as amended by the Customs Simplification Act;

3. That at the time of exportation to the United States of the merchandise under consideration, barber chairs numbers 5 and 800 were freely sold or offered for sale in the principal markets of Japan, in the usual wholesale quantities and in the ordinary course of trade, for exportation to the United States at the following prices:

#5       $118.88  C & F, packed.
#800        7.12    "         "

4. That the ocean freight included in said C & F prices is equal to 8.7% of the C & F price.

5. That as to all chairs other than those listed in paragraph 3, at the time of exportation to the United States of the merchandise under consideration, said merchandise was not freely sold or offered for sale in the principal markets of Japan in the usual wholesale quantities and in the ordinary course of trade for exportation to the United States, and they were not sold or offered for sale in the principal market of the United States for domestic consumption in the same condition in which they were imported.

6. That the constructed values of the chairs which are not listed under paragraph 3 are the C. I. F. invoice unit prices less ocean freight and insurance, plus 8%, packed.

7. That these appeals to reappraisement may be submitted on this stipulation and are limited to the merchandise and issues described above and are abandoned in all other respects.

Upon the record before the court, I find and hold that the proper basis of value for the involved merchandise is as follows:

1. That export value as that value is defined in section 402(b), Tariff Act of 1930, as amended by the Customs Simplification Act of 1956, is the proper basis of value for barber chairs numbered 5 and 800, and that said value is $118.88 and $7.12, respectively, c & f packed, less 8.7 percent for barber chairs numbered 5 and 800, and

2. That constructed value as that value is defined in section 402(d), Tariff Act of 1930, as amended by the Customs Simplification Act of 1956, is the proper basis of value as to all barber chairs other than those numbered 5 and 800, and that said value is at the c.i.f. unit invoice prices, less ocean freight and insurance, plus 8 percent, packed.

As to all other items of merchandise, the appeals for a reappraisement having been abandoned, are dismissed.

Judgment will be entered accordingly.